1  **COX, WOOTTON, LERNER**
   **GRIFFIN & HANSEN, LLP**
2  Marc T. Cefalu  (SBN 203324)
   900 Front Street, Suite 350
3  San Francisco, CA  94111
   Telephone No.: 415-438-4600
4  Facsimile No.: 415-438-4601

5  Attorneys for Defendants
   ST LIBERTY, LLC; G. ROBERT TONEY;
6  and ALAN SWIMMER

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10  DARRELL HALLETT              ) Case No.: 8:18-cv-01491-DOC-
                                 ) JDEx
11          Plaintiff,           )
                                 ) **MEMORANDUM OF**
12      v.                       ) **POINTS AND**
                                 ) **AUTHORITIES IN SUPPORT**
13  ST LIBERTY, LLC; and G. ROBERT ) **OF DEFENDANTS' NOTICE**
    TONEY; and ALAN SWIMMER      ) **OF MOTION AND MOTION**
14                               ) **TO DISMISS**
                                 ) **[F.R.C.P. 12(b)(6); 12(b)(7)]**
15          Defendants.          )
    _____ )
16                               **Date:   November, 26, 2018**
                                 **Time:   8:30 a.m.**
17                               **Place:  Courtroom 9D**

18

19

20

21

22

23

24

25
COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN, LLP      26
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA
94111            27
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641   28

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION AND OVERVIEW ...................................................... 1

II.    FACTUAL AND PROCEDURAL BACKGROUND ............................. 3

    A.   The Parties ...................................................................................... 3

    B.   Plaintiff ST Liberty LLC's First Preferred Ship Mortgage ...................... 4

    C.   Procedural Status ............................................................................ 5

III.    LAW AND ARGUMENT ...................................................................... 6

    A.   Plaintiff is Not the Real Party in Interest and this Action Should be Dismissed for Failure to Join an Indispensable Party pursuant to F.R.C.P. 12(b)(7) ............................................................................ 6

    B.   Each of Plaintiff's Causes of Action Fail as a Matter of Law ................ 7

        1.   12(b)(6) Standard for Review .............................................. 7

        2.   Plaintiff's First Cause of Action for Fraudulent Misrepresentation Fails to Allege All of the Elements of Fraud with Factual Specificity and it is Uncertain ..................................... 8

            a.   Plaintiff Fails to Allege Knowledge with Requisite Specificity of the Falsity of Any Representation that May Form the Basis of Plaintiff's Claims .................................... 9

            b.   Plaintiff Fails to Allege With Specificity, What, When, Where or How the Alleged Misrepresentations were Made 9

        3.   The Second Cause for Breach of Contract Fails Because No Contract Existed between Plaintiff and Defendants ...................... 10

        4.   Plaintiff's Third Cause of Action for Contractual Breach of Good Faith and Fair Dealing Fails as a Matter of Law ........................... 11

        5.   If Plaintiff's Third Cause of Action Can be Construed to State a Cause of Action for "Unfair Business Practices" it also Fails ..... 13

        6.   Plaintiff's Specific Performance Claim Fails ............................... 14

        7.   Plaintiff's Claim for Intentional Infliction of Emotional Distress Fails ............................................................................... 15

IV.    CONCLUSION ...................................................................................... 17

COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN, LLP

900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA
94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

-i-    Case No. 8:18-cv-01491-DOC-JDEx

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION . . .

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Agosta v. Astor*, 120 Cal. App. 4th 596, 607 (2004) .......................................... 12

*Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 (1996) ................. 9

*Bank of the West v. Sup. Ct.*, 2 Cal. 4th 1254, 1267 (1992) ............................. 15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ...................................... 8

*Berger v. Home Depot U.S.A., Inc.*, 476 F. Supp. 2d 1174, 1177 (C.D. Cal. 2007) ...................................................................................................................... 12

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999) ...................................................................................... 14

*Davis v. City of Oakland*, No. C97-4330 FMS, 1998 U.S. Dist. LEXIS 5658, 1998 WL 196470, *6 (N.D. Cal. Apr. 15, 1998) .............................................. 17

*Gardner v. RSM & A Foreclosure Services, LLC*, No. 12-CV-2666-JAM-AC, 2013 U.S. Dist. LEXIS 37263, 2013 WL 1129392, *4 (E.D. Cal. Mar. 18, 2013) ...................................................................................................................... 17

*Guidiville Rancheria of Calif. v. United States*, 5 F.Supp.3d 1142, 2013 WL 6512788, *13 (N.D. Cal. 2013) .......................................................................... 17

*Gunderson v. Fire Ins. Exch.*, 37 Cal. App. 4th 1106, 1119 (1995) ................. 12

*HM Hotel Properties v. Peerless Indm. Ins. Co.*, 874 F.Supp. 2d 850, 854 (D. AZ 201) ................................................................................................................ 18

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ............... 8, 16

*Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993) ......... 15

*Klein v. Earth Elements, Inc.*, 59 Cal. App. 4th 965, 969 (1997) .................... 15

*Lampliter Dinner Theater v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1039 (11th Cir. 1986) .............................................................................................................. 18

*Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 896, 123 Cal. Rptr. 2d 432, 51 P.3d 297 (2002) .............................................................................................. 16

*Nagy v. Nagy*, 210 Cal. App. 3d 1262, 1268 (1989) ........................................... 8

*Nally v. Grace Community Church* (1988) 47 Cal.3d 278, 300, 253 Cal.Rptr. 97, 763 P.2d 948 .................................................................................................. 19

*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) ....................................... 7

COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN, LLP

900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA
94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

-ii-

Case No. 8:18-cv-01491-DOC-JDEx

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION . . .

*Osprey Cove Real Estate, LLC, v. Towerview* Construction, 343 Ga App. 436 (2017) ..................................................................................................... 18

*Racine & Laramie, Ltd. v. Department of Parks & Recreation*, 11 Cal. App. 4th 1026, 1032 (1992) .................................................................................. 12

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)........ 7

*Rogers v. Davis*, 28 Cal.App.4th 1215, 1217 n. 2, 34 Cal. Rptr. 2d 716 (1994).. 17

*Scafidi v. Western Loan & Bldg. Co.*, 72 Cal. App. 2d 550, 553 (1946) ............... 9

*South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 886-87 (1999) ...................................................................................... 15

*Stansfield v. Starkey,* 220 Cal. App. 3d 59, 73 (1990) ........................................... 9

*Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*, 100 Cal. App. 4th 44, 64 (2002) ............................................................................................................. 12

*Sun 'N Sand v. United Cal. Bank* (1978) 21 Cal. 3d 671, 703 ............................. 10

*Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) ..................................... 8

*Tarmann v. State Farm Mutual Auto Ins. Co.* (1991) 2 Cal.App.4th 153, 157 ..... 10

*Wong v. Tai Jing*, 189 Cal.App. 4th 1354, 1361 n. 2, 117 Cal. Rptr. 3d 747 (2010) ............................................................................................................. 16

**Statutes**

Cal. Civ. Code, §§ 1709, 1710 ................................................................................ 9

Ca. Bus. and Prof. Code §17200 ........................................................................... 13

F.R.C.P 12(b)(6) ................................................................................................ 1, 7

F.R.C.P. 12(b)(7) ..................................................................................... 1, 2, 6, 7

F.R.C.P. 9(b) ..................................................................................... 8, 10, 14

COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP

900 FRONT STREET, SUITE 350 SAN FRANCISCO, CA 94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

1       Defendants ST LIBERTY, LLC, G. ROBERT TONEY, and ALAN

2   SWIMMER submit this Memorandum of Points and Authorities in Support of

3   their joint Motion to Dismiss to Plaintiff's Amended Complaint for Damages.

4   **I.   <u>INTRODUCTION AND OVERVIEW</u>**

5       Defendants ST LIBERTY, LLC ("ST Liberty"), G. ROBERT TONEY ,

6   and ALAN SWIMMER (collectively "Defendants") move to dismiss Plaintiff

7   DARRELL HALLETT'S ("Plaintiff") Amended Complaint filed on October

8   9, 2018 ("Amended Complaint") pursuant to rules 12(b)(6) and 12(b)(7) of the

9   Federal Rules of Civil Procedure ("F.R.C.P."). ***The Plaintiff's Amended***

10  ***Complaint fails to remedy any of the defects presented in his original filing.***

11  Instead of rectifying the many problems with the original filing, the only

12  substantive change to the Amended Complaint appears to be the addition of a

13  new cause of action for "specific performance" which also fails.

14      The reality of this case remains simple.  Plaintiff's company (not

15  Plaintiff himself and he is therefore not a real party in interest in this action),

16  Hallett Company, LLC, ("HCLLC") obtained a loan in the amount of $78,000

17  from ST Liberty with that loan being secured by that certain 38' Fountain

18  Power Boat, 2008 Express Cruiser Model, Official No. 1229074, at one time

19  named "BRINLEY GREYSON" (the "Vessel").  HCLLC breached its

20  obligations under the various loan agreements by, at a minimum, failing to

21  make payments as agreed, hiding the security, and allowing Plaintiff to

22  liveaboard.

23      As a result of Plaintiff's company's default, Defendant ST Liberty

24  initiated a Rule C Maritime Arrest and Mortgage Foreclosure action in this

25  court on about January 18, 2018.[1]  This Court then issued a valid Warrant of

COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN, LLP

900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA
94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

26

27

28

---

[1] See Case No. 8:18-cv-00096-DOC-JDE, entitled, *ST Liberty, LLC v. that Certain 38' Fountain Power Boat, 2008 Express Cruiser Model, Official No. 1229074, at one time named "BRINLEY GREYSON," its Engines, Tackle, Machinery, Furniture, Apparel, Appurtenances, etc., In Rem, and DOES 1-10* (the "Arrest Action").

1    Arrest for the Vessel which was duly served on April 21, 2018[2], after many

2    weeks of searching for the Vessel as it had been removed from its

3    contractually mandated location.  The Vessel was taken into custody by the

4    U.S. Marshal and subsequently transferred to the duly appointed substitute

5    custodian.  The Vessel remains in custody as of this filing.

6        Plaintiff now seeks to recover damages to which neither he, nor the

7    LLC, are entitled.  It was only after Plaintiff's company, a separate legal

8    entity, failed to hold up its end of the bargain and ST Liberty was forced to

9    pursue its available, nonwaivable, and cumulative remedies, that Plaintiff

10   came forward alleging baseless causes of action.  Those causes of action in the

11   Amended Complaint are for:  (1) Fraudulent Misrepresentation; (2) Breach of

12   Contract; (3) Breach of the Covenant of Good Faith and Fair Dealing; (4)

13   Specific Performance, and (5) Intentional Infliction of Emotional Distress.

14       Plaintiff's allegations are entirely without merit.  His claims represent

15   nothing more than a last-ditch attempt to avoid the consequences of his

16   company's failure to repay the amounts due on the loan.  The Complaint and

17   each cause of action must be dismissed by this Court as a matter of law based,

18   in part, upon the following:

19       (1)    Plaintiff is **not** the real party in interest and this action

20              should be dismissed pursuant to F.R.C.P. 12(b)(7) as the

21              result of Plaintiff' failing to join an indispensable party—

22              Hallett Company, LLC[3], the real party in interest;

23       (2)    Plaintiff has failed to properly allege with the requisite

24              factual specificity any fraud allegations;

COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN, LLP

900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA
94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

25
26
27
28

---

[2] See Docket No. 35 in the Arrest Action.
[3] It should be noted that Local Rules would prohibit a non-lawyer such as Mr. Hallett from representing Hallett Company, LLC, in this action.

-2-                                    Case No. 8:18-cv-01491-DOC-JDEx
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION . . .

(3)    Defendants have not breached any contract and ST Liberty has at all times been well within its rights to pursue recovery of the subject Vessel;

(4)    There has been no breach of the covenant of good faith and fair dealing;

(5)    "Specific Performance" is a remedy, not a separate cause of action and therefore fails;

(6)    Plaintiff's intentional infliction of emotional distress claim fails because the real party in interest is an LLC which is not entitled to recover damages for emotional distress;

(7)    Defendants conduct in seeking to foreclose its mortgage was not outrageous; and,

(8)    Plaintiff missed his deadline to file affirmative claims in the Arrest Action and he should not be allowed to avoid his mistake by pursuing this separate action.

As set forth more fully below, Defendants submit that Plaintiff's Amended Complaint should be dismissed without leave to amend.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Parties

Defendant ST Liberty is a lending institution organized and existing under the laws of the State of Florida, with its principal place of business in Ft. Lauderdale, Florida. Defendants G. Robert Toney and Alan Swimmer are the members of ST Liberty. Plaintiff Hallett is the member of Hallett Company, LLC (not a party to this action). Hallett Company LLC ("HCLLC") was at all material times the owner of the vessel at one time known as "BRINLEY GREYSON," Official No. 1229074, Hull No. FGQ8E111H708, is a 2008 Fountain Power Boats Express Cruiser model, 38

COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN, LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA
94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION . . .

feet in length, constructed of fiberglass, propelled diesel power, is and was, at all times mentioned herein, a documented vessel under a Certificate of Documentation issued by the United States Coast Guard with its home port designated as Newport Beach, California (hereinafter "Vessel"). See Request for Judicial Notice ("RJN") at Tab 1, Abstract of Title from the U.S. Coast Guard National Vessel Documentation Center.

**B.      Plaintiff ST Liberty LLC's First Preferred Ship Mortgage**

On or around July 25, 2016, HCLLC executed a Note, Disclosure and Security Agreement (the "Note") along with an Addendum of the Note in favor of ST Liberty to obtain certain financing which was secured by the Defendant Vessel (the Note and the Addendum to Note shall collectively be referred to as the "Security Agreement"). See RJN at Tab 2, (Verified Complaint filed by ST Liberty against the Vessel and its **EXHIBIT 1**)[4].

Under the terms of the Security Agreement, ST Liberty only (not defendants Toney or Swimmer) agreed to loan HCLLC the principal amount of $78,000 (seventy Eight Thousand Dollars and No Cents) at a fixed annual interest rate of 19.84% (the "Indebtedness") in exchange for, among other things, HCLLC's agreement to make monthly payments of $1,980.26 for 60 months to ST Liberty. See RJN at Tabs 2 and 3 (Verified Complaint at paragraph 7 and Answer at paragraph 4 admitting these facts). The Security Agreement also provided that, upon default, ST Liberty would be entitled to its reasonable attorneys' fees and costs incurred in collecting, enforcing or protecting ST Liberty's rights and remedies under the various loan agreement(s). See RJN at Tabs 2 and 3 (Verified Complaint at paragraph 7

COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA 94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

---

[4] Please note that Plaintiff failed to attach the subject contract to his Complaint. The Court is entitled to consider and review the contract at this time given Plaintiff's failure to attach it to his Complaint in the first instance. It should also be noted that Plaintiff acknowledged in an answer he filed in the Arrest Action that the subject contract was authentic. See RJN at Tabs 2 and 3 (ST Liberty's Verified Complaint at paragraphs 7 and 8 and Plaintiff's Answer to ST Liberty's Verified Complaint at paragraph 4 admitting the allegations in paragraphs 7, 8, 9 and 10 in the Verified Complaint).

1    and Answer at paragraph 4 admitting these facts)

2          In order to secure payment of the Indebtedness, HCLLC executed and

3    delivered to ST Liberty, in accordance with and pursuant to the laws of the

4    United States, a First Preferred Ship Mortgage covering the Vessel along with

5    a Power of Attorney (collectively the "Mortgage").  Thereafter, ST Liberty

6    caused the Mortgage to be duly recorded with the U.S. Coast Guard's

7    National Vessel Documentation Center.  ST Liberty has not waived its status

8    as a mortgagee under the Mortgage.  All other requirements of the laws of the

9    United States relating to preferred ship mortgages were duly met or were

10   caused to be met by ST Liberty.  The Indebtedness of the Security Agreement,

11   as secured by the Mortgage on the Vessel, is a valid preferred ship mortgage

12   lien on the Vessel.  See RJN at Tabs 2 and 3(Verified Complaint at paragraph

13   9-10 and Answer at paragraph 4 admitting these facts).

14         As set forth in the Verified Complaint in the Arrest Action, HCLLC

15   defaulted on its obligations to timely make the agreed periodic payments on

16   the Indebtedness under the Security Agreement in accordance with the terms

17   thereof.  The last payment on the Indebtedness was made by HCLLC in

18   November 2017.  No further payments have been received by ST Liberty, and

19   payments are past due from the November 2017 payment date to present.  See

20   RJN at Tab 2 (Verified Complaint at paragraph 12).

21   **C.     Procedural Status**

22         On January 18, 2018, ST Liberty filed a lawsuit to foreclose its

23   Preferred Ship's Mortgage on the subject Vessel.[5]  On April 21, 2018,

24   pursuant to a duly-issued Warrant of Arrest and as ordered by the Court, the

25   United States Marshal ("Marshal") arrested the defendant Vessel within the

26   District (after significant expenses associated with locating the Vessel as it

27

28

COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN, LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA
94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

[5] See Docket No. 1 in the Arrest Action and RJN at Tab 2.

had been removed from the location required in the Mortgage)[6].  Immediately thereafter, the Marshal turned over custody of the Vessel to National Maritime Services, Inc., the duly-appointed Substitute Custodian.  Since then, the Substitute Custodian has maintained the custody and safekeeping of the Vessel.

On May 14, 2018, Darrel Hallett, purportedly on behalf of HCLLC, filed an Answer to ST Liberty's Complaint in the Arrest Action.[7]  At that time, neither Hallett nor HCLLC made any timely affirmative counterclaims in the Arrest Action.  Instead, Plaintiff waited approximately six weeks before filing the present action in Orange County Superior Court.

On August 22, 2018, this matter was timely removed to this Court.  Defendants timely filed their initial Motion to Dismiss on August 29, 2018.  Plaintiff did not file an opposition to that motion and it was granted on September 24, 2018, with the Court providing Plaintiff additional time through October 9, 2018 to file an Amended Complaint.

## III.   LAW AND ARGUMENT

### A.   Plaintiff is Not the Real Party in Interest and this Action Should be Dismissed for Failure to Join an Indispensable Party pursuant to F.R.C.P. 12(b)(7)

Plaintiff's Amended Complaint does nothing to rectify the fact that he is not the real party in interest.  He still does not have standing to bring these claims.  Rule 12(b)(7) permits Defendants to challenge the Plaintiff's failure to join an indispensable party.  Here, Plaintiff has no direct cause of action against these Defendants as all of his claims stem from ST Liberty's contractual agreement(s) with HCLLC; not Darrell Hallett personally.  More specifically each and every claim asserted by Plaintiff relates to ST Liberty's foreclosure of its mortgage on the Vessel.  That Vessel is, and at all relevant

---

[6] See Docket No. 35 in the Arrest Action.
[7] See Docket No. 19 in the Arrest Action and RJN at Tab 3.

COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA 94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

1  times was, owned by HCLLC.  HCLLC granted ST Liberty the mortgage

2  which it seeks to foreclose in the Arrest Action.  It was HCLLC's specific

3  grant of a mortgage in the Vessel which allowed ST Liberty to pursue its

4  action to foreclose its mortgage.  In order to obtain *in rem* jurisdiction over the

5  Vessel to pursue its foreclosure action, the Vessel had to be arrested.  To the

6  extent that any entity is the "owner" of Plaintiff's purported claims, it would

7  be HCLLC; not Plaintiff.

8       Given Plaintiff's lack of standing to bring any of these claims the

9  Amended Complaint should be dismissed pursuant to Rule 12(b)(7).

10  Furthermore given HCLLC's failure to timely assert these purported

11  affirmative claims in the related Arrest Action, it should not be joined as an

12  indispensable party here and the entire action should be dismissed.  Plaintiff

13  should not be allowed to separately pursue relief here that he failed to timely

14  assert in the Arrest Action.

15      **B. <u>Each of Plaintiff's Causes of Action Fail as a Matter of Law</u>**

16          **1. <u>12(b)(6) Standard for Review</u>**

17

18      A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted

19  in a complaint.  *See* Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729,

20  732 (9th Cir. 2001).   A complaint may be dismissed under Rule 12(b)(6) if it

21  lacks a "cognizable legal theory" or alleges "insufficient facts under a

22  cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d

23  530, 534 (9th Cir. 1984).  A complaint must plead "enough facts to state a

24  claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

25  U.S. 544, 570 (2007).  "Thread-bare recitals of the elements of a cause of

26  action, supported by mere conclusory statements, do not suffice." *Id*. at 555.

27  ///

28

COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN, LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA
94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

## 2. Plaintiff's First Cause of Action for Fraudulent Misrepresentation Fails to Allege All of the Elements of Fraud with Factual Specificity and it is Uncertain

F.R.C.P. 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud[.]"  Fraud allegations should specifically include "an account of the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quotations omitted).  In other words, the complaint must identify the "who, what, when, where, and how" of the alleged fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

The pleading standards for fraud under California law are similarly heightened. *Nagy v. Nagy*, 210 Cal. App. 3d 1262, 1268 (1989) ("Fraud actions are subject to strict requirements of particularity in pleading."). "This particularity requirement necessitates pleading facts which 'show how, when, where, to whom, and by what means the representations were tendered." *Stansfield v. Starkey,* 220 Cal. App. 3d 59, 73 (1990).

The rationale for this strict requirement of particularity in pleading fraud and misrepresentation is not merely notice to the defendants, but also the fact that "allegations of fraud involve a serious attack on character, and fairness to the defendant demands that he should receive the fullest possible details of the charge in order to prepare his defense." *Stansfield*, 220 Cal. App. at 73. "It is essential that the facts and circumstances which constitute the fraud should be set out clearly, concisely, and with sufficient particularity to apprise the opposite party of what he is called on to answer, and to enable the court to determine whether, on the facts pleaded, there is any foundation, *prima facie* at least, for the charge of fraud." *Scafidi v. Western Loan & Bldg. Co.*, 72 Cal. App. 2d 550, 553 (1946) (quoting 37 C.J.S., § 78 p. 371).

1    To state a cause of action for intentional misrepresentation, fraud or

2    deceit, the Plaintiff must allege:  (1) misrepresentation (false representation,

3    concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent

4    to defraud (i.e., to induce reliance); (4) actual and justifiable reliance; and (5)

5    resulting damage.  *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1239

6    (1996); *see also* Cal. Civ. Code, §§ 1709, 1710.

          **a.**    **Plaintiff Fails to Allege Knowledge with Requisite**
7                    **Specificity of the Falsity of Any Representation**
8                    **that May Form the Basis of Plaintiff's Claims**

9    In order to state a cause of action for intentional misrepresentation or

10   fraud, a party must allege knowledge of the falsity of the representations that

11   form the basis of the claims.  *Sun 'N Sand v. United Cal. Bank* (1978) 21 Cal.

12   3d 671, 703.

13   The Amended Complaint fails, however, to allege, with any factual

14   particularity what alleged representation was made that forms the basis of

15   Plaintiff's claim let alone any allegation of falsity when made.  Specific facts

16   to support that Defendants knew that the alleged representation (whatever it

17   was) was false at the time it was made have not been pled.  The Plaintiff

18   instead only provides broad and uncertain allegations that Defendants "made

19   the above referenced representations to Plaintiff regarding the Pre-Payment

20   terms of the loan, and the refinancing of the boat" yet the Amended Complaint

21   is devoid of any appropriate "above referenced representations."  Plaintiff has

22   failed to specifically allege the falsity of any representation on which he bases

23   his claims.  As a result, the Plaintiff has failed to particularly plead how it is

24   that the alleged representations (whatever they are) were false or untrue.

          **b.**    **Plaintiff Fails to Allege With Specificity, What,**
25                   **When, Where or How the Alleged**
26                   **Misrepresentations were Made**

27   Claims of fraud against an institution such as ST Liberty require even

28   greater particularity than fraud claims asserted against an individual.  "The

COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN, LLP

900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA
94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

Case No. 8:18-cv-01491-DOC-JDEx
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION . . .

1   requirement of specificity in a fraud action against a corporation requires the

2   plaintiff to allege the names of the persons who made the allegedly fraudulent

3   misrepresentations, their authority to speak, for whom they spoke, what they

4   said or wrote, and when it was said or written." *Tarmann v. State Farm*

5   *Mutual Auto Ins. Co.* (1991) 2 Cal.App.4th 153, 157.

6          In this case, Plaintiff's fraud claim merely recites a list of vague and

7   conclusory allegations, lumping the several defendants together as one entity

8   without any specific allegations as to how, when or by whom the alleged

9   representations were made.  Such general and ambiguous pleading fails to

10  provide Defendants with any reasonable notice of the charges against them,

11  including who on behalf of ST Liberty made the representations or concealed

12  the facts, their authority to speak, for whom they spoke, what they said or

13  wrote and when it was said or written much less the specific and exacting

14  notice required by F.R.C.P. 9(b).  For these reasons, Plaintiff's fraud claims

15  must fail as a matter of law.

16          **3.     The Second Cause for Breach of Contract Fails**
            **Because No Contract Existed between Plaintiff and**
17          **Defendants**

18          Although Plaintiff alleges that he "took a loan with private lender ST

19  Liberty, LLC, G. Robert Toney and Alan Swimmer and provided his boat" for

20  collateral, he does not attach the written contract nor does he specifically state

21  the terms of any written agreement.  Had Plaintiff done so, ***it would have been***

22  ***clear that he did not enter into a written contract with the Defendants.***

23  Instead, the judicially noticeable records provide that a separate legal entity,

24  HCLLC, entered into the subject agreements with ST Liberty.  ***Given that***

25  ***Plaintiff did not enter into any contractual agreement with any of the***

26  ***Defendants, he cannot pursue a breach of contract claim against them.***

27          Regardless of what law applies to Plaintiff's breach of contract claim,

28  there can be no breach of contract if no contract ever existed which Plaintiff is

COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN, LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA
94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

Case No. 8:18-cv-01491-DOC-JDEx
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION . . .

1   entitled to enforce against Defendants.  This cause of action should be

2   dismissed.

3          **4.      Plaintiff's Third Cause of Action for Contractual**
            **Breach of Good Faith and Fair Dealing Fails as a**
4          **Matter of Law**

5          Plaintiff's Third cause of action for breach of the implied covenant of

6   good faith and fair dealing fails to allege facts sufficient to support a claim.

7   The implied covenant of good faith and fair dealing is limited to assuring

8   compliance with the express terms of the contract, and liability cannot be

9   extended to create obligations not contemplated by the contract.  *Racine &*

10  *Laramie, Ltd. v. Department of Parks & Recreation*, 11 Cal. App. 4th 1026,

11  1032 (1992).  The implied covenant "cannot impose substantive duties or

12  limits on the contracting parties beyond those incorporated in the specific

13  terms of their agreement."  *Agosta v. Astor*, 120 Cal. App. 4th 596, 607 (2004)

14  (internal citations and quotations omitted); *see also Berger v. Home Depot*

15  *U.S.A., Inc.*, 476 F. Supp. 2d 1174, 1177 (C.D. Cal. 2007) (the implied

16  covenant will not apply where "no express term exists on which to hinge an

17  implied duty, and where there has been compliance with the contract's express

18  terms"); *Gunderson v. Fire Ins. Exch.*, 37 Cal. App. 4th 1106, 1119 (1995)

19  (concluding that because there was no breach of contract claim, the bad faith

20  claim also failed).  More specifically, ***the covenant of good faith and fair***

21  ***dealing cannot be implied into a loan agreement for the purpose of***

22  ***prohibiting a lender from acting in a manner expressly permitted under that***

23  ***agreement***.  *Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*, 100 Cal. App.

24  4th 44, 64 (2002).

25         Here, Plaintiff has failed to plead the necessary elements to state a claim

26  for breach of the covenant of good faith and fair dealing.  Plaintiff's thread

27  bare allegations are that due to Defendants' "fraud, breach of contract,

28  intentional infliction of emotional distress and failure to act in good faith,

COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN, LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA
94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

1   Plaintiff has lost his home, his boat and the use of his boat for the past six

2   months." Defendant ST Liberty simply did what its contract with HCLLC

3   allowed it to do—take action to foreclose its mortgage. By acting within the

4   confines of the Security Agreement and Mortgage, ST Liberty was well within

5   its legal rights. There can be no breach of the covenant of good faith and fair

6   dealing in these circumstances.

7        What's more, Plaintiff's allegations that ST Liberty should somehow

8   have been estopped from pursuing its right to arrest the Vessel is equally

9   without merit. The express language of the Security Agreement allowed ST

10   Liberty to pursue any and all of its legal rights. Those rights specifically

11   allowed ST Liberty to "[u]se any and all remedies you have under state or

12   federal law, or in any instrument securing this Loan Agreement." The

13   Security Agreement also provides that "[b]y choosing any one or more of

14   these remedies [ST Liberty does] not give up [its] right to use any other

15   remedy." See RJN at Tab 2 (Security Agreement at page 4).

16        Finally, to the extent that Plaintiff claims he lost his "home" as a result

17   of ST Liberty initiating the Vessel arrest, his admission that he was essentially

18   living aboard the Vessel constitutes *his (or HCLLC's)* continuing breach of

19   the Security Agreement. That agreement provides that HCLLC will also be in

20   default if "I permit myself or anyone else to live aboard the vessel, as a

21   permanent residence . . . ." See RJN at Tab 2 (Addendum to Note at page 2).

22   Plaintiff by his own pleading has admitted and established a material breach

23   of contract which provided ST Liberty with the right to pursue all of its

24   remedies; including its legal right to arrest the Vessel to foreclose its

25   mortgage.

26        None of Plaintiff's confounding allegations, however, establish that

27   Defendants performed their contractual obligations to HCLLC in a manner

28   that was unfaithful to the purpose of the HCLLC loan contract. In addition,

COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP

900 FRONT STREET, SUITE 350 SAN FRANCISCO, CA 94111 TEL: 415-438-4600 FAX: 415-438-4601

STL.Hallett / 4641

-12-      Case No. 8:18-cv-01491-DOC-JDEx

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION . . .

1    Plaintiff does not, and cannot, allege that Defendants failed to comply with the

2    express terms of the Security Agreement.  Plaintiff fails to allege sufficient

3    facts to state a claim for breach of the implied covenant of good faith and fair

4    dealing and, as such, his third cause of action should be dismissed.

5         **5.  If Plaintiff's Third Cause of Action Can be Construed to State a Cause of Action for "Unfair Business Practices" it also Fails**

6

7        If the Court elects to read Plaintiff's third cause of action as purportedly

8    stating a cause of action pursuant to California Business and Professions Code

9    §17200, the Unfair Competition Act ("UCA"), it also fails.  "[The UCA]

10   establishes three varieties of unfair competition – acts or practices which are

11   unlawful, or unfair or fraudulent." *Cel-Tech Communications, Inc. v. Los*

12   *Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999) (quotations

13   omitted).  To state a cause of action under the UCA, a plaintiff "must state

14   with reasonable particularity the facts supporting the statutory elements of the

15   violation." *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619

16   (1993).  Plaintiff here has failed to adequately allege any of the three varieties

17   of unfair competition under the UCA.

18       To state a cause of action for unfair competition based on an "unlawful"

19   practice, a plaintiff must make a showing of a violation of some other law.

20   *See Klein v. Earth Elements, Inc.*, 59 Cal. App. 4th 965, 969 (1997). A

21   plaintiff alleging unfair business practices under the UCA, therefore, must

22   state with ***reasonable particularity*** the facts supporting the statutory elements

23   of the violation of the "borrowed claim."  *See Khoury*, 14 Cal.App.4th at 619.

24   "[A]n 'unfair' business practice occurs when it offends an established public

25   policy or when the practice is immoral, unethical, oppressive, unscrupulous or

26   substantially injurious to consumers." *South Bay Chevrolet v. General Motors*

27   *Acceptance Corp.*, 72 Cal. App. 4th 861, 886-87 (1999) (quotations omitted).

28   A fraud-based claim under the UCA must establish the elements of fraud and

COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA 94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

1   must show that members of the public are likely to be deceived by the act or

2   practice. *Bank of the West v. Sup. Ct.*, 2 Cal. 4th 1254, 1267 (1992).

3           In the instant matter, Plaintiff is apparently alleging that ST Liberty put

4   him into a loan and would not allow him to prepay.  These allegations are

5   insufficient to state a cause of action for unfair competition under the UCA,

6   because the claim lacks reasonable particularity in terms of the specific law or

7   statute allegedly violated, and how ST Liberty violated these statutes.

8   Likewise, the Complaint fails to set forth specific factual allegations as to how

9   the Defendants' actions related to an "immoral, unethical, oppressive,

10  unscrupulous" practice or one that is "substantially injurious to consumer."

11          Plaintiff's allegations are insufficient, as Plaintiff has alleged no facts

12  that rise to the level of an "unfair, unlawful or fraudulent business practice"

13  within the meaning of the UCA.  Furthermore, as discussed above, a cause of

14  action for fraud must be pled specifically. F.R.C.P. 9(b).  The particularity

15  requirement for fraud mandates pleading facts that show the "who, what,

16  when, where, and how" of the alleged fraudulent representations. *Kearns*, 567

17  F.3d at 1124.  Plaintiff fails to meet the particularity requirements necessary to

18  establish a claim under the UCA, as no specific facts are particularly pled

19  against any of the Defendants.

20          **6.      Plaintiff's Specific Performance Claim Fails**

21          Plaintiff's only substantive new allegations or claims in the Amended

22  Complaint are contained within his new cause of action for Specific

23  Performance.  However, specific performance is a remedy and not a cause of

24  action.  It should therefore be dismissed.

25          Pursuant to California law, specific is a remedy for a contractual breach,

26  not an independent claim.  *See, e.g., Mycogen Corp. v. Monsanto Co.*, 28

27  Cal.4th 888, 896, 123 Cal. Rptr. 2d 432, 51 P.3d 297 (2002) (describing "the

28  equitable remedy of specific performance" as a remedy); *Wong v. Tai Jing*,

COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN, LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA
94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

-14-

Case No. 8:18-cv-01491-DOC-JDEx

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION . . .

1   189 Cal.App. 4th 1354, 1361 n. 2, 117 Cal. Rptr. 3d 747 (2010) ("Wong also

2   purported to assert a cause of action for 'specific performance/injunctive

3   relief.' However, specific performance and injunctive relief are equitable

4   remedies and not causes of action for injuries"); *Rogers v. Davis*, 28

5   Cal.App.4th 1215, 1217 n. 2, 34 Cal. Rptr. 2d 716 (1994) ("Legally, plaintiffs

6   had but one cause of action, for breach of contract.  Specific performance and

7   damages are simply alternative *remedies* for breach of contract" (emphasis

8   original)); see also *Guidiville Rancheria of Calif. v. United States*, 5

9   F.Supp.3d 1142, 2013 WL 6512788, *13 (N.D. Cal. 2013) ("Specific

10  performance is a contract remedy derivative of Plaintiffs' breach of contract

11  claim, rather than a separate cause of action"); *Gardner v. RSM & A*

12  *Foreclosure Services, LLC*, No. 12-CV-2666-JAM-AC, 2013 U.S. Dist.

13  LEXIS 37263, 2013 WL 1129392, *4 (E.D. Cal. Mar. 18, 2013) ("[S]pecific

14  performance is not an independent cause of action for injury, but an equitable

15  remedy. Thus, insofar as this has been pled as a distinct cause of action, it is

16  dismissed with prejudice"); *Davis v. City of Oakland*, No. C97-4330 FMS,

17  1998 U.S. Dist. LEXIS 5658, 1998 WL 196470, *6 (N.D. Cal. Apr. 15,

18  1998) ("Defendant points out that specific performance is a remedy for breach

19  of contract rather than a cause of action. Defendant is correct).

20         Plaintiff's cause of action for specific performance must clearly fail.

21         ### 7.    Plaintiff's Claim for Intentional Infliction of Emotional Distress Fails

22         The real party in interest, HCLLC, cannot assert an intentional infliction

23  of emotional distress claim.  The Vessel owner with whom there was a legal

24  relationship is a Limited Liability Company.  A corporate entity cannot

25  recover for intentional infliction of emotional distress. *See, e.g., Lampliter*

26  *Dinner Theater v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1039 (11th Cir. 1986);

27  *HM Hotel Properties v. Peerless Indm. Ins. Co.*, 874 F.Supp. 2d 850, 854 (D.

28  AZ 201); *Osprey Cove Real Estate, LLC, v. Towerview* Construction, 343 Ga

COX, WOOTTON, LERNER, GRIFFIN & HANSEN, LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA 94111
TEL: 415-438-4600
FAX: 415-438-4601

STL.Hallett / 4641

1    App. 436 (2017). As a result, this cause of action should be dismissed since

2    the real party in interest in making such a claim would be HCLLC and it

3    cannot prevail as a matter of law.

4         Even were Mr. Hallett entitled to pursue an independent cause of action

5    for intentional infliction of emotional distress, his claim would fail.

6    Intentional infliction of emotional distress requires (1) "outrageous" conduct

7    by the defendant, (2) that the defendant intend to cause (or recklessly

8    disregard the probability of causing) emotional distress, (3) severe emotional

9    distress and (4) causation.   (*Nally v. Grace Community Church* (1988) 47

10   Cal.3d 278, 300, 253 Cal.Rptr. 97, 763 P.2d 948.)  "Outrageous" conduct is

11   that which is so extreme that it exceeds all bounds usually tolerated in a

12   civilized society.   (*Ibid.*)

13        Here, the conduct alleged by Plaintiff is essentially that Defendants

14   took steps to foreclose ST Liberty's mortgage.  Such conduct cannot possibly

15   be viewed as "outrageous."  Defendant ST Liberty pursued its legal right

16   pursuant to its contractual agreements with HCLLC to foreclose its mortgage.

17   It did so by initiating an action in Federal Court and obtaining the appropriate

18   court orders allowing this Court to assert jurisdiction over the Vessel.  The

19   Defendants' conduct in this case has been reasonable.

20        Likewise, the Defendants did not "intend to cause . . . emotional

21   distress" of the type now claimed by Plaintiff.  Plaintiff's claim is based upon

22   essentially upon an allegation that he was dispossessed of his "home."

23   However, the agreements executed by HCLLC specifically acknowledged that

24   the Vessel would not be used for liveaboard purposes.  If the Vessel was not

25   to be used as a liveaboard, then the fact that Plaintiff claims he was living

26   aboard would have provided a basis upon which ST Liberty could have

27   declared a breach of the subject loan documents.  ST Liberty then exercising

28   its rights following this further breach of contract likewise cannot be

COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN, LLP
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA
94111
TEL: 415-438-4600
FAX: 415-438-4601

STL_Hallett / 4641

-16-

Case No. 8:18-cv-01491-DOC-JDEx

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION . . .

1  considered outrageous conduct "intending to cause" emotional distress.

2  Plaintiff certainly should have known he was precluded from living aboard the

3  Vessel and cannot now in good faith assert that the arrest of the Vessel caused

4  him severe emotional distress.

5  **IV.   CONCLUSION**

6          Based upon the above, Defendants submit that the Plaintiff's

7  Complaint, and all causes of action contained therein, should be dismissed

8  with prejudice.

9  Dated: October 25, 2018                COX, WOOTTON, LERNER,
                                          GRIFFIN & HANSEN, LLP
10                                         Attorneys for Defendants
                                          ST LIBERTY, LLC, G. Robert Toney,
11                                         and Alan Swimmer

12                                         By:   /S/ Marc T. Cefalu
13                                               Marc T. Cefalu

14

15

16

17

18

19

20

21

22

23

24

25  COX, WOOTTON,
LERNER, GRIFFIN &
HANSEN, LLP
26
900 FRONT STREET, SUITE 350
SAN FRANCISCO, CA
94111
27  TEL: 415-438-4600
FAX: 415-438-4601

28  STL.Hallett / 4641